Clay William PETERS, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 91–81.

United States Court of Veterans Appeals.

Dec. 8, 1994.

Before KRAMER, HOLDAWAY and .IVERS, Judges.

### ORDER

PER CURIAM.

The appellant, Mr. Clay William Peters, died on March 11, 1993, while his appeal of a September 17, 1990, Board of Veterans' Appeals (BVA) decision was pending before this Court. The BVA denied the appellant's claims for service connection for residuals of an injury of the right hand, residuals of an injury of the right ear, residuals of an injury of the mouth, residuals of frozen feet, and a scar of the right forearm. On April 19, 1993, the appellant's widow filed a motion to substitute herself for the appellant as a party to this appeal. On September 9, 1993, this Court issued an order staying further proceedings until a decision was issued on similar consolidated cases pending before this Court, *Dolores Vda De Landicho*, No. 90–1150 and *Benjamin Oseo*, No. 92–90.

On September 23, 1994, this Court held in *Landicho v. Brown*, 7 Vet.App. 42, 44–45

(1994) (consolidated with *Oseo v. Brown,* No. 92–90, 1994 WL 415808 (July 25, 1994)) that substitution of parties is not permissible in cases on appeal where the appellant is a veteran who dies while the "denial by the BVA of his or her claim for disability compensation under chapter 11 of title 38, U.S.Code, is pending on appeal before this Court." The Court ordered that the BVA decisions will be vacated and the appeals dismissed. *Id.,* 7 Vet.App. at 54–55. Concurrent with the issuance of *Landicho* and *Oseo,* the Court issued an order amending Rule 43 of the Court's Rules of Practice and Procedure to reflect the Court's holding.

At the time of his death, the veteran had an appeal pending here as to a BVA decision denying service connection for residuals of an injury of the right hand, residuals of an injury of the right ear, residuals of an injury to the mouth, residuals of frozen feet, and a scar of the forearm. The appellant's widow seeks to continue his appeal and thus have the merits of his claim for service connection decided by the Court.

 For the reasons set forth in *Landicho,* the claim is not pending before the Court. Veterans' claims under chapter 11 do not survive the death of the appellant. *Landicho,* 7 Vet.App. at 47–48. Qualified survivors may carry on a deceased veteran's claim for VA benefits only pursuant to the accrued-benefits provisions of 38 U.S.C. § 5121(a), (c). *See Landicho,* 7 Vet.App. at 47–48. However, the Court lacks jurisdiction to adjudicate an accrued-benefits claim on behalf of a widow or survivor because no jurisdiction-conferring Notice of Disagreement (NOD) has been filed on any such claim under the Veterans' Judicial Review Act, Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C. § 7251 note), and the BVA decision on appeal neither addressed such a claim nor considered whether the widow or survivor qualifies as an accrued-benefits claimant under section 5121(a). *See Landicho,* 7 Vet.App. at 47–48.

The Court holds that the April 19, 1993, motion to substitute the widow as a party for the appellant constitutes an indication to the Secretary of the widow's intention to claim accrued benefits and occurred within one year after the veteran's death, as required by 38 U.S.C. § 5121(c), so as to constitute an informal claim under 38 C.F.R. § 3.155(a) (1993). *See Landicho,* 7 Vet.App. at 50 (finding informal claim because notices of appellant's death, including motions for substitution, filed in this Court are routinely provided to Secretary through Court's pleading process in each case).

On consideration of the foregoing, it is

ORDERED that the motion to substitute Ruby I.D. Peters as the appellant in this appeal is denied and the appeal is DISMISSED. It is further

ORDERED that the September 17, 1990, decision of the BVA is VACATED and the Secretary is directed to vacate the RO decision in this manner.